AO 432 (Rev. 2/84)

**Administrative Office of the United States Courts**

## WITNESS AND EXHIBIT RECORD

| DATE | CASE NUMBER | OPERATOR | PAGE NUMBER |
|---|---|---|---|
| 11/21/07 | 07-232-M | Golden | 1 |

| NAME OF WITNESS | DIRECT | CROSS | REDIRECT | RECROSS | PRESIDING OFFICIAL |
|---|---|---|---|---|---|
| Veronica Knott | 8:41am | 8:45am | — | — | LPS |

FILED
NOV 21 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

| EXHIBIT NUMBER | DESCRIPTION | ID | ADMITTED IN EVIDENCE |
|---|---|---|---|
| 1 | Criminal Complaint | 1 | Yes |

# United States District Court

DISTRICT OF _____ DELAWARE _____

UNITED STATES OF AMERICA

v.

ANGELA JONES

Criminal Complaint 07- 232

(Name and Address of Defendant)

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about November 15, 2007, in New Castle County, in the District of Delaware defendant, Angela Jones did knowingly possess a firearm in or affecting commerce having been previously convicted by a court of a crime punishable by a term of imprisonment exceeding one year,

in violation of Title _18_ United States Code, Section(s) _922(g)(1)_ .

I further state that I am a(n) Special Agent, ATF and that this complaint is based on the following facts:
       Official Title

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof:    YES

_____
Signature of Complainant
SA Jason Kusheba, ATF

Sworn to before me and subscribed in my presence,

November 16, 2007                                at   Wilmington, DE
Date                                                  City and State

Honorable Leonard P. Stark
United States Magistrate Judge                   _____
Name & Title of Judicial Officer                 Signature of Judicial Officer



GOVERNMENT EXHIBIT A

I, Jason M. Kusheba, being duly sworn, state as follows:

1. I am a Special Agent with the U.S. Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and have been so employed for over six years. During that time, my duties have included the investigation of firearms offenses at both the State and Federal levels. Your Affiant is currently assigned to the Operation Disarm Task Force and has been so assigned since October, 2003. During the course of your affiant's law enforcement career, your affiant has received law enforcement training on the investigation of firearms offenses on over fifty occasions. Your affiant has participated in over one hundred investigations of firearms offenses and participated in the seizure of over fifty firearms. Your affiant has also had over one hundred conversations with police officers and Federal agents about the facts and circumstances of firearms offenses. Your affiant has been employed as a law enforcement officer in various capacities since 1997.

2. Unless otherwise stated, the information in this affidavit is based upon your affiant's personal knowledge.

3. The seizure of all the below stated evidence occurred on November 15, 2007, in the City of Wilmington, State and District of Delaware, as stated to me by a Wilmington Police Officer who has personal knowledge of the stated facts and who has related the below listed facts from the Wilmington Police Department to your affiant.

4. On or about 10/16/2007, Angela Jones, later identified as the Defendant, of 2311 West 18th Street, Wilmington, DE went to Miller's Gun Center in New Castle, DE and attempted to purchase a Cobra, model CA32, .32-caliber pistol, serial number CP026518. At that time, the defendant was denied from purchasing the aforementioned firearm.

5. Your affiant has reviewed the computer criminal history information for the Defendant from the National Crime Information Center (NCIC), as well as a docket sheet from the Delaware County Court of Common Pleas and learned that the defendant has a prior felony conviction for Insurance Fraud from on or about March 16, 2001 in the Court of Common Pleas of Delaware County for the State of Pennsylvania, a crime punishable by imprisonment for a term exceeding one year.

6. On or about 10/21/2007, Tamar Daniels, of                    , Wilmington, DE, also went to Miller's Gun Center, New Castle, DE and attempted to purchase a Cobra, model FS32, .32-caliber pistol, serial number FS021180. On the same date, Daniels made a down payment of $64.95 for the purchase of the handgun.

7. On or about 11/05/2007, Daniels returned to Miller's Gun Center to complete the transaction, at which time the firearm was transferred to her. At that time Daniels also purchased a box of Fiocchi, .32-caliber pistol cartridges, and a black pistol case.

8. On or about 11/15/2007, Members of the Wilmington Police Department and State of

Delaware Probation and Parole Officers executed a search warrant at the residence of the Defendant and Daniels. As a result of the search, Officers recovered a Cobra, model FS32, .32-caliber handgun, serial number FS021180. This firearm was found next to an end table in a bedroom of the residence. The end table also contained various documents in the name of the Defendant. Also recover during the search, was a box of Fiocchi, 7.65 mm (.32 ACP) pistol cartridges, and a black pistol case.

9. On or about the same date, your affiant and Wilmington Police Detective Robert Fox interviewed Daniels. At that time Det. Fox verbally advised Daniels of her Miranda warnings. At that time, Daniels stated that she understood her rights and agreed to answer questions. Daniels stated that she resides with the Defendant, with whom she has had a relationship for approximately two years. Daniels stated that they maintain separate bedroom to store their personal belongings, but they sleep in the Defendant's room every night. Daniels stated that approximately 2 months ago, the Defendant stated that they need to get a firearm for protection. Daniels then stated that a few weeks ago, she and the Defendant went to a gun store and the Defendant attempted to purchase a firearm. Daniels stated that the Defendant was denied from purchasing the firearm but did not know exactly why. Daniels then stated that approximately one week later she went back to the gun store and purchased the firearm that the Defendant liked and had attempted to purchase. Daniels stated that after she purchased the firearm, the Defendant and Daniels took it back to their residence and stored it in the Defendant's bedroom, on the Defendant's side of the bed between the nightstand and the wall. Daniels stated that approximately 3 days ago, the Defendant showed her how to load the firearm. Daniels added that she is not familiar with firearms and is afraid of them.

10. On or about the same date, your affiant and a Wilmington Police Detective Robert Fox interviewed the Defendant. At that time Det. Fox verbally advised the Defendant of her Miranda warnings. At that time, the Defendant stated that she understood her rights and agreed to answer questions. The Defendant stated that she and Daniels had jointly decided to purchase a firearm, and that in late October, 2007, she and Daniels went to buy a firearm. Defendant stated that she was denied from purchasing a firearm at that time. The Defendant stated that she thought she was denied because of an insurance fraud conviction that she had from Media, PA from seven years ago. The Defendant then stated that she and Daniels decided that they still needed a firearm for the house. The Defendant stated that Daniels went back to the gun store to put a down payment on a firearm and picked it up approximately 2 weeks later, on or about November 5 or November 6. The Defendant stated that the firearm was kept on the side of a nightstand, in the corner of the bedroom where the Defendant and Daniels sleep. The Defendant stated that the gun remained there for approximately 2 weeks until recently when she showed Daniels how to load the magazine, how to put the safety on, and how to work the slide.

11. From you affiant's training and experience, and from prior discussions with ATF Agents who are expertly trained and experienced in determining the interstate nexus of firearms, your affiant knows that the above mentioned firearm was manufactured in a state other than Delaware. As such, its possession in Delaware would have necessarily required that the

firearm had crossed state lines prior to its possession in Delaware, and thus the possession of that firearm in Delaware affected interstate commerce.

12. Based upon your affiant's training and experience and visual inspection of the firearm, your affiant submits that there is probable cause to believe that the above-mentioned seized firearm contained the frame and receiver of a firearm, and that the firearm appeared to be capable of expelling a projectile by action of an explosive.

13. Wherefore, based upon your affiant's training and experience, your affiant submits that there is probable cause to believe that the defendant violated Title 18 U.S.C. Section 922(g) and 924(a)(2) by possessing in and affecting interstate commerce a firearm, after having previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year, and respectfully requests that the Court issue a Criminal Complaint charging that offense.

_____
Jason M. Kusheba
Special Agent, ATF

Sworn to and subscribed in my presence
This 16th day of November, 2007

_____
Honorable Leonard P. Stark
United States Magistrate Judge
District of Delaware