Filed in open court this 14th day of February 2008

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Criminal Action No. 07-171-JJF |
| ANGELA JONES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware and Shawn A. Weede, Assistant United States Attorney for the District of Delaware, and the defendant, Angela Jones, by and through her attorney, Eleni Kousoulis, Esquire, the following agreement is hereby entered into by the respective parties:

1.  The defendant shall plead guilty in the United States District Court for the District of Delaware to Count Three of the Indictment, which charges her with knowingly making a false statement with respect to information to be kept by a federal firearms dealer, in violation of 18 U.S.C. § 924(a)(1)(A). Count Three carries a maximum sentence of a term of imprisonment of five years, a fine of $250,000, or both, three years supervised release, and a $100 special assessment.

2.  The defendant understands that if there were a trial, the Government would have to prove the following elements with respect to Count Three of the Indictment: (1) on or about October 16, 2007, she knowingly made a false statement; (2) to a federally licensed firearms dealer, that is, Miller's Gun Center; (3) with respect to information that the law requires a federally licensed firearms dealer to keep. The defendant knowingly, voluntarily and intelligently admits her guilt to each of the above described elements of Count Three of the Indictment.

3. At or about the time of sentencing, the Government agrees to move to dismiss Counts One, Two and Four as set forth in the Indictment.

4. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence within the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of her attorney or the United States, the defendant will not be allowed to withdraw her guilty plea on that basis.

6. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, a two-point reduction in the Offense Level for the defendant's affirmative acceptance of responsibility is appropriate. Further, if it is determined that the defendant's Offense Level, prior to the application of the aforementioned two-level reduction, is Level 16 or greater, the Government agrees to move for the reduction of the Offense Level by one additional level, pursuant to Sentencing Guideline Section 3E1.1(b), for a total reduction of three points.

7. The defendant agrees to pay the $100 special assessment the day of sentencing. Should she fail to do so, the Defendant agrees to voluntarily enter the United States Bureau of Prisons'

administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

8. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

9. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney

_____
Eleni Kousoulis, Esquire
Attorney for Defendant

By: _____
Shawn A. Weede
Assistant United States Attorney

_____
Angela Jones
Defendant

Dated: 2/14/08

**AND NOW**, this __14__ day of __February__, 2008, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
Honorable Joseph J. Farnan, Jr.
United States District Judge

3